JAMES FAY, Appellant, *v.* THE BROCKWAY COMPANY, Respondent.

First Department, January 26, 1917.

Libel — evidence — testimony of plaintiff as to other actions for same libel inadmissible.

In an action for libel it is reversible error to receive testimony of the plaintiff, over the objection and exception of his counsel, that he had brought other actions against other newspapers for the same libel.
McLAUGHLIN and DAVIS, JJ., dissented, with memorandum.

APPEAL by the plaintiff, James Fay, from a judgment of the Supreme Court in his favor for nominal damages, entered in

the office of the clerk of the county of New York on the 1st day of June, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of May, 1916, as resettled by an order entered in said clerk's office on the 1st day of June, 1916, denying plaintiff's motion for a new trial made upon the minutes.

*.F. De Lysle Smith,* for the appellant.

*Henry Purcell,* for the respondent.

PAGE, J.:

The defendant is the publisher of a daily newspaper in the city of Watertown, N. Y., known as .the Watertown *Daily Times,* and published on June 6, 1914, the following article:

"Alleged Automobile Bandits are Captured. Three Men charged with Participation in New York Hold-ups.

·"New York, June 6 — Joseph Longo, a chauffeur, and James Fay, a poolroom owner, were held today charged with participation in the hold-up yesterday of two employees of the American Can Company, who were robbed of nearly $3,000. Fred Kelly, arrested previously, confessed, according to the police, that he had driven the car in which the men made their get away. He said Longo had hired him. Kelly is said to have implicated five men in the robbery.

"The detective department was working today on the theory that the hold-up of the American Can Company employees was the work of the same men who earlier yesterday held up two clerks of the Masbury Paint Company, in Brooklyn, and robbed them of a satchel containing $3,000 drawn for the weekly payroll. These two robbers also used an automobile to escape.

"A third hold-up, on which the police are working, resulted in a loss of $500 to McKenzie, Vorhees and Gmelin, architects, although the five robbers overlooked two bundles of money, each containing $500. An employee of the architects was taking $1,500 into the offices when his hat was knocked off and while he stooped to recover it, the men seized one of his bundles. The.five men escaped down the elevator and sped away in an automobile."

James Fay, the plaintiff mentioned in this article, was a young man about twenty-five years of age, who was employed as a clerk in Simpson, Crawford & Simpson's, and in the evenings was employed in a billiard or pool room. While the police were searching for the robbers of the employees of the American Can Company they visited this billard room and discovered therein a satchel containing a pistol. Fay was arrested and charged with having a pistol in his possession, contrary to the provisions of the Sullivan Law (Penal Law, § 1897). The plaintiff was thereafter arraigned before a magistrate and honorably discharged, it having been developed at the hearing that the satchel was brought into the billiard room and left during the day time, and that Fay knew nothing about it.

The article published by the defendant was, therefore, false in its most important details, in so far as it related to the plaintiff. The result of the article was to create the impression that the plaintiff was an associate of robbers and criminals and had participated in and been charged with a most serious criminal offense.

In the course of the trial the plaintiff was required, over the objection and exception of his counsel, to state that he had brought other actions against other newspapers for the same libel; that he could not state how many; that this was the fourth that had been tried. This evidence was clearly inadmissible. "It is now too well settled to be questioned that the fact that others have published the same libel, which was unknown to the defendant when the publication complained of was made, or that suits have been commenced against others for the publication of such libel, is inadmissible. The defendants in this case were liable, and that some one else was also liable was immaterial. It would not properly diminish the recovery against them to show that the plaintiff had recovered or might recover damages from others who had published the same libel. Each defendant is to pay damages for the injuries which he has occasioned and not for the injury by others." (*Palmer* v. *Matthews*, 162 N. Y. 100, 102.)

That this evidence was prejudicial to the plaintiff, and had a tendency to influençe the jury in returning the verdict it did,

APP. DIV.—VOL. CLXXVI.        17

First Department, January, 1917.          [Vol. 176.

cannot be doubted. Neither was there a clear statement to the jury of the elements to be taken into consideration in awarding compensatory and punitive damages. Thus matters that could be taken into consideration in mitigation of punitive damages alone were so presented that the jury would be led to infer that compensatory damages might thereby be mitigated. In fact the main charge was more. devoted to statements of matters in mitigation than to clearly defining the defendant's liability.

The error in receiving the testimony to which reference is above made, is sufficient to require a reversal of the judgment. (*Palmer* v. *Matthews, supra.*) It is, therefore, unnecessary to refer to other errors, as there will be a new trial and it is not probable that they will be repeated.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., and SCOTT, J., concurred; McLAUGHLIN and DAVIS, JJ., dissented.

McLAUGHLIN, J. (dissenting):

In my opinion, the error in the admission of evidence as to other suits having been brought to recover damages for the same libel was cured by the charge made at the request of the plaintiff's attorney, that the jury were not to take into consideration the fact that the same libel had been published in other newspapers, or that the plaintiff had sued other papers.

I, therefore, dissent.

DAVIS, J., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.